UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SALENA KAY HARDIE,<br><br>  Plaintiff<br><br>v.<br><br>MELVIN LACKEY,<br>WHITE PINE COUNTY SHERIFF'S OFFICE,<br><br>  Defendants | Case No.: 3:25-cv-00248-CSD<br><br>**Order**<br><br>Re: ECF No. 15 |

Before the court is Defendants' motion to dismiss, arguing: (1) this action should be dismissed for lack of timely service under Federal Rule of Civil Procedure 4(m) and (2) White Pine County Sheriff's Office is not a proper defendant. (ECF No. 15.) Plaintiff initially filed an opposition to the motion to dismiss and countermotion for leave to substitute/amend to name White Pine County in place of the White Pine County Sheriff's Office. (ECF No. 21.) The Clerk issued a notice that Local Rule IC 2-2(b) requires that the countermotion be filed separately. (ECF No. 22.) Plaintiff then filed an opposition to the motion to dismiss, and apparently abandoned the countermotion to substitute/amend. (ECF No. 23.) Defendants filed a reply. (ECF No. 24.)

For the reasons set forth below, the motion to dismiss is denied insofar as Defendants request dismissal for lack of timely service; the motion is granted insofar as the White Pine County Sheriff's Office is not a proper defendant. However, the proper defendant—White Pine County—will be substituted in its place.

///

## I. BACKGROUND

Plaintiff filed her complaint on March 29, 2025, against the White Pine County Sheriff's Office and Corrections Officer Lackey alleging multiple instances of sexual assault while Plaintiff was a pretrial detainee at the White Pine County Jail. (ECF No. 1.) The summonses were issued for the defendants on March 31, 2025. (ECF No. 5.)

On June 30, 2025, the court issued a notice of intent to dismiss under Federal Rule of Civil Procedure 4(m), noting that a defendant must be served within 90 days after the filing of the complaint and no proof of service had been filed for the Defendants. (ECF No. 8.)

An executed summons was returned on July 11, 2025, indicating that Lackey was served on June 30, 2025, by serving Caitlin Pagni, a legal researcher designated to accept service. (ECF No. 11.) Another summons was returned executed that same day indicating the White Pine County Sheriff's Office was served in the same manner as Lackey on June 30, 2025. (ECF No. 12.)

On July 15, 2025, another summons was returned executed indicating that Lackey was served at his address in Las Vegas on July 14, 2025. (ECF No. 13.)

Finally, an executed summons for the White Pine County Sheriff's Office as returned on July 16, 2025, indicating service on Janet VanCamp, White Pine County Commission, at the White Pine County Commissioner's Meeting on July 10, 2025. (ECF No. 14.)[1]

On July 31, 2025, Defendants filed this motion to dismiss arguing service was untimely under Rule 4(m), and the White Pine County Sheriff's Office is not a proper defendant.

///

---

[1] There is no evidentiary support in the record for the statement in Plaintiff's response that service was refused on June 27, 2025. (*See* ECF No. 23 at 5:14-16, 26, 6:1, 5, 14-15.)

2

## II. DISCUSSION

**A. Rule 4(m)**

Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

"A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister,* 734 F.3d 967, 974-75 (9th Cir. 2013) (quotation marks and citation omitted).

"Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." *Crowley*, 734 F.3d at 975 (quotation marks and citation omitted).

> 'Rule 4(m) provides two avenues for relief. The first is mandatory: the district court must extend time for service upon a showing of good cause. The second is discretionary: if good cause is not established, the district court may extend time for service upon a showing of excusable neglect. Exercise of discretion to extend time to complete service is appropriate when, for example, a statute-of-limitations bar would operate to prevent re-filing of the action.'

*Id.* at 976 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1189 (9th Cir. 2009)).

"District courts have broad discretion to extend time for service under Rule 4(m)." *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007). The period of service operates "not as an outer limit subject to reduction, but as an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). "Rule 4(m) explicitly permits a district court to grant an extension of time to serve the complaint *after*" expiration of the 90-day period." *Efaw*, 473 F.3d at 1041 (citation and quotation marks omitted).

3

Good cause, at a minimum, requires excusable neglect. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001) (citing *Boudette,v Barnette,* 923 F.2d 754, 756 (9th Cir. 1991)). Excusable neglect "encompass[es] situations in which the failure to comply with a filing deadline is attributable to negligence, …, and includes omissions caused by carelessness[.]" *Lemoge*, 587 F.3d at 1192 (internal citation and quotation marks omitted). Excusable neglect is an equitable determination that takes account of all the relevant circumstances. *Id*. (citation omitted). The court's inquiry looks at the following factors: (1) the danger of prejudice to the defendant; (2) "the length of delay and its potential impact on the proceedings[;]" (3) "the reason for the delay[;]" and (4) "whether the movant acted in good faith." *Id*. (citations and quotation marks omitted).

The court finds Plaintiff has demonstrated excusable neglect and will thus extend the deadline for service.

Defendants argue they will be prejudiced by the delay because the memories of witnesses have faded, and some witnesses may no longer be available. However, the court is not convinced by this argument. The complaint was filed on March 29, 2025, making the deadline for service under Rule 4(m) June 27, 2025. Defendants concede they were properly served, at the latest, on July 10 and July 14, 2025, roughly *two weeks* after the deadline. This minimal delay surely did not result in the fading of witness memories or the unavailability of witnesses.

This dovetails into the second factor for excusable neglect: the length of delay and its potential impact on proceedings. Again, the delay was minimal and the impact on these proceedings is negligible.

Next, the court will address the last two factors: the reason for the delay and whether Plaintiff acted in good faith. Plaintiff's counsel provides several declarations attesting that during

the time period surrounding service, he was suffering from intractable pain as a result of carpal tunnel syndrome, and ultimately required surgery in mid-August 2025. Due to his pain, Plaintiff's counsel was unable to sleep and had great difficulty concentrating and functioning during the day. As a result, Plaintiff's counsel did not appreciate that his staff inadvertently calendared the service deadline for 120-days (which is the rule in Nevada's state courts) instead of 90-days (the rule in federal court).

Defendants accept that medical issues may offer a reason to excuse belated service (ECF No. 24 at 5:6-7), but argue the failure to timely serve Defendants was not in good faith because counsel should have been aware of the 90-day deadline as a result of the Rule 4(m) notice issued by the court. It is true the court issued a Rule 4(m) notice on June 30, 2025, specifically advising counsel of the 90-day deadline for service (ECF No. 8). However, this notice was issued during the same time period when Plaintiff's counsel states he was suffering from intractable pain and was unable to focus or concentrate on daily tasks. In light of the timing of the issuance of the 4(m) notice, the court does not conclude that the delay in service was a result of bad faith.

The court will now consider two other factors: whether Defendants have received actual notice of the lawsuit and whether Plaintiff will be prejudiced by dismissal of the Defendants without prejudice.

First, Defendants acknowledge they were eventually properly served with the complaint.[2] While this occurred several weeks after the deadline, they now have notice of this lawsuit.

Second, Defendants acknowledge that Plaintiff will be prejudiced by dismissal of this action without prejudice because the statute of limitations will have run. The Ninth Circuit has

---

[2] They maintain that earlier efforts to effectuate service were improper.

explicitly acknowledged that prejudice to the plaintiff may include a statute of limitations bar. *See Crowley*, 734 F.3d at 976; *Efaw*, 473 F.3d at 1041.

In sum, the court finds the factors weigh in favor of finding excusable neglect which justifies an extension of the service deadline under Rule 4(m). For these reasons, Defendants' motion to dismiss for untimely service is denied.

In light of this finding, the court presumes (and highly recommends) Plaintiff will dismiss the nearly identical lawsuit filed in case 3:25-cv-00393-MMD-CLB, which was likely filed in an attempt to preserve the statute of limitations if this court determined that an extension of the service deadline was not warranted.

## B. White Pine County Sheriff's Office

Applying Federal Rule of Civil Procedure 17(b), the Ninth Circuit has held that state law determines the issue of whether a department of a municipality may sue or be sued. *See e.g. Streit v. County of Los Angeles*, 236 F.3d 552, 565 (9th Cir. 2001).

In Nevada, each county (or incorporated city or town within the county) is a political subdivision of the state and an independent legal entity, which means it can sue or be sued. *See Clark County v. Lewis*, 88 Nev. 254, 498 P.2d 363, 365 (Nev. 1972); Nevada Revised Statute (NRS) 280.080; NRS 41.0305. A department of a county, city or town, however, "may not, in the department name, sue or be sued" without statutory authorization. *See Wayment v. Holmes*, 912 P.2d 816, 819, 112 Nev. 232, 238 (Nev. 1996) (concluding that the "Washoe County District Attorney's office is not a suable entity because it is a department of Washoe County, not a political subdivision" and noting the State had not waived immunity on behalf of its departments of political subdivisions so the District Attorney's Office had not been conferred the power to sue or be sued) (citing Nev. Rev. Stat. (NRS) 41.031); *see also Wright v. City of Las Vegas,* 395

F.Supp.2d 789, 794 (S.D. Iowa 2005); *Schneider v. Elko County Sheriff's Dep't*, 17 F.Supp.2d 1162, 1165 (D. Nev. 1998) (finding that Elko County Sheriff's Department lacked capacity to be sued).

If a plaintiff improperly names a city or county department that lacks capacity to be sued, the court may order the proper party (generally the county or city) be substituted into the case. *Melendres v. Arpaio*, 784 F.3d 1254, 1260 (9th Cir. 2015).

Plaintiff's abandoned counter-motion to amend appears to acknowledge that White Pine County, and not the Sheriff's Office, is the proper defendant.

Defendants' motion to dismiss the White Pine County Sheriff's Office is granted; however, the court orders that White Pine County is substituted in its place.

### III. CONCLUSION

The motion to dismiss (ECF No. 15) is **GRANTED IN PART AND DENIED IN PART** as follows:

(1) The motion to dismiss is **DENIED** insofar as Defendants move to dismiss for lack of timely service; and

(2) The motion is **GRANTED** insofar as White Pine County Sheriff's Office is not a proper defendant; however, White Pine County is substituted in place of the White Pine County Sheriff's Office. The court will give Plaintiff an additional **21 days** from the date of this Order to complete service of the complaint as to White Pine County. White Pine County has 21 days from the date it is served with the summons and complaint to file an answer or other responsive pleading.

1       IT IS FURTHER ORDERED that the stay of discovery recently entered is now **LIFTED**.

2 The court will issue a separate order setting a case management conference and requiring the

3 filing of a joint case management report.

4 **IT IS SO ORDERED**.

6 Dated: September 10, 2025

                                                                                                        Craig S. Denney
                                                                                                        United States Magistrate Judge